UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED

SHANKAR L. GARG AND )
TONY B. BAHNAN )
)
PLAINTIFFS )
) Civil Action No. 3:04-cv-30113-MAP
VS. )
)
JOHN WILSON AND )
ARA ERESIAN, JR. )
)
DEFENDANTS )

**PLAINTIFFS' MOTION TO WAIVE 30-DAY REQUIREMENT
FOR REMAND PURSUANT TO 28 U.S.C. §1441(c) AND §1446**

Plaintiffs, Shankar L. Garg ("Garg") and Tony B. Bahnan ("Bahnan"), respectfully request this Honorable Court to waive the 30-day remand requirement pursuant to 28 U.S.C. §1441(c) and §1446. In support of such a request, the Plaintiffs state as follows:

Garg and Bahnan filed their Motion for Summary Judgment Pursuant to Mass.R.Civ.P. Rule 56 on June 11, 2004, in the Worcester Superior Court in Action No. 04-00775A.

Wilson and Eresian filed their frivolous and vexatious Notice of Removal with the U. S. Federal District Court and the Worcester Superior Court on June 15, 2004.

Plaintiffs did not receive the proper legal return of such Notice of Removal from Wilson and Eresian.

Plaintiffs filed, however, an Opposition to Defendants' Notice of Removal with the Worcester Superior Court on June 16, 2004,[1] citing 28

---

[1] Plaintiffs' counsel found the alleged Notice of Remand in Court files and prepared the opposition at that time.

U.S.C. §1441(c) and §1446, the removal section in the Federal District Court, and stating the statute does not provide for any **EXPECTANCY** of some future action and further urging for this and other specious reasons that the Notice of Removal should not be honored, and that such Notice of Removal was an egregious attempt by Wilson and Eresian to delay a Summary Judgment hearing.

On June 21, 2004, Plaintiffs argued their Motion for Summary Judgment before Justice Agnes. **Wilson and Eresian did not appear for that hearing**. Justice Agnes, at that hearing, indicated that he would consider the Motion for Summary Judgment and Declaratory Judgment insofar as Eresian's Notice of Removal was infirmed and of no force and effect (Transcript has now been ordered), and will forward the same to this Court when received.

Counsel for Garg and Bahnan conferred with Judge Agnes' clerk concerning the Court's action on the Plaintiffs' Motion for Summary Judgment and Declaratory Judgment before the 30 days had expired to make a Motion to Remand this case back to the Worcester Superior Court. Upon best information and belief and based upon the **hearing record**, Judge Agnes was intending to retain the case with the Worcester Superior Court, because the Notice of Removal was infirmed and no action had been commenced against Garg and Bahnan in the Federal District Court, nor had there been any responsive pleadings by way of counterclaim or other filing in the current Worcester Superior Court proceeding or in the Federal District Court.

Plaintiffs were also required to file a Motion to Stay Default Order

on July 13, 2004, which was **allowed, nunc pro tunc to July 10, 2004** and which stated "Plaintiffs shall comply with the default order or take other appropriate action within 10 days of the filing of the decision on their motion for declaratory judgment." (Exhibit "A") It was necessary to file this Motion to Stay until Judge Agnes could make his ruling on the Plaintiffs' Motion for Summary Judgment and Declaratory Judgment which Judge Agnes had taken under advisement, because he had trials and a busy calendar.

On August 5, 2004, the Plaintiffs received Notice dated August 3, 2004 from the Worcester Superior Court which stated: "Until this case is remanded back to the state court, no further action may be taken. See Order of the Court in *Hampton Properties, LLC et al v. Eresian, No. 89-01942*." (Exhibit "B"). For this Court's ready reference, a copy of Judge Saylor's Order of Remand in *Hampton Properties, LLC et al v. Eresian, No. 89-01942* is attached hereto (Exhibit "C").

Plaintiffs have immediately filed their Motion to Remand and this accompanying Motion to Waive the 30-day Requirement for Filing under the Remand Statute and respectfully request this Honorable Court to allow this Motion and their companion Request for Remand for the foregoing reasons and those articulated in the accompanying remand request.

                                        SHANKAR L. GARG AND TONY B. BAHNAN

                                        By: /s/ John W. Spillane
                                        John W. Spillane, Their Attorney
                                        Spillane & Spillane, LLP
                                        23 Institute Road
                                        Worcester, MA 01609
Dated: August 11, 2004                  BBO #475420

CERTIFICATE OF SERVICE

I, John W. Spillane, Attorney for the Plaintiffs, hereby certify that I have this day, served a copy of the foregoing pleading upon the Defendants, by mailing a copy of the same, postage prepaid to Ara Eresian, Jr., pro se of P.O. Box 499, Shrewsbury, MA 01545 and Adrian A. Gaucher, Jr., Esquire, Gaucher & Gaucher, 60 Hamilton Street, Southbridge, MA 01550-1808.

_____
John W. Spillane, Esquire

Dated: August 11, 2004

County of Worcester
The Superior Court

EXHIBIT "A"

Civil Docket WOCV2004-00775

RE:   Garg et al v Wilson et al

TO:   John W Spillane, Esquire
      Spillane & Spillane LLP
      23 Institute Road
      Worcester, MA 01609

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **07/20/2004**:

*RE: Plffs' motion to stay default order*

**is as follows:**

**MOTION (P#18) ALLOWED nunc pro tunc 7-10-04. Plaintiffs shall comply with the default order or take other appropriate action within ten (10) days of the filing of the decision on their motion for declaratory judgment (McDonald, J) Notices mailed 7/23/04**

Dated at Worcester, Massachusetts this 23rd day of July, 2004.

                                      Francis A. Ford,
                                      Clerk of the Courts
                    BY:

                                      Joanne C. Herring
                                      Assistant Clerk

Telephone: 508-770-1899, Ext. 181 or Ext. 121 (Session Clerk)

Copies mailed 07/23/2004

cvdresult_2.wpd 1037735 motallow williams

County of Worcester
The Superior Court

Civil Docket **WOCV2004-00775**

RE:   Garg et al v Wilson et al

TO:   John W Spillane, Esquire
      Spillane & Spillane LLP
      23 Institute Road
      Worcester, MA 01609

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **08/02/2004**:

*RE: Plffs' motion for summary judgment & memorandum in support of plffs' motion for summary judgment*

**is as follows:**

**MOTION (P#17) Until this case is remanded back to the state court, no further action may be taken. See order of the court in Hampton Properties LLC et al vs. Eresian, No. 89-01942. (Peter W. Agnes, Jr., Justice). Notices mailed August 03, 2004**

Dated at Worcester, Massachusetts this 3rd day of August, 2004.

BY:

Francis A. Ford,
Clerk of the Courts

Joanne C. Herring
Assistant Clerk

Telephone: 508-770-1899, Ext. 181 or Ext. 121 (Session Clerk)

Copies mailed 08/03/2004

cvdresult_2.wpd 1039910 mottexc jurgiel

United States District Court
District of Massachusetts

| | |
|---|---|
| HAMPTON PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARA ERESIAN, JR.,<br><br>Defendant. | Civil Action No.<br>04-40087-FDS |

## ORDER FOR REMAND

SAYLOR, J.

On June 27, 2003, plaintiff Hampton Properties, LLC filed an application for supplementary process against defendant Ara Eresian, Jr. in the District Court Department of the Trial Court, Westborough Division. On May 24, 2004, Eresian removed the case to this court. In his notice of removal to this Court, Eresian claims that removal is proper under 28 U.S.C. § 1441(c) because he "*expects* to bring a separate and independent claim or cause of action which . . . would be removable if sued upon alone . . . ." (emphasis added).

Because Eresian has not yet brought such a claim, this Court lacks subject matter jurisdiction over the case. Moreover, and in any event, a counterclaim cannot form the basis of this Court's federal question jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2003). Accordingly, this matter is remanded to the Worcester Superior Court and plaintiff's request for a hearing on pending matters is DENIED as moot.

So Ordered.

Dated: July 2, 2004

/s/ F. Dennis Saylor
F. Dennis Saylor
United States District Judge