UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHANKAR L. GARG AND )
TONY B. BAHNAN )
 )
    PLAINTIFFS )
 ) Civil Action No. 04-CV-30113-MAP
VS. )
 )
JOHN WILSON AND )
ARA ERESIAN, JR. )
 )
    DEFENDANTS )
- - - - - - - - - - - - - - -

**MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION TO REMAND**

Plaintiffs, Shankar L. Garg ("Garg") and Tony B. Bahnan ("Bahnan") respectfully request this Honorable Court to remand this case (Worcester Superior Court - Civil Action No. 04-00775A the "State Case") back to the Worcester Superior court and to impose appropriate sanctions upon Attorney Adrien A. Gaucher, Jr., and Ara Eresian, Jr., pro se for filing a frivolous and vexatious notice of removal.

History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Wilson I
Worcester Superior Court . . . . . . . . . . . . . . . . . . . . 5

Wilson II
Worcester Superior Court . . . . . . . . . . . . . . . . . . . . 6

Wilson Foreclosure Action
Prelude to Current Superior Court Case . . . . . . . . . . . . . 8

Current Case Before the
Worcester Superior Court . . . . . . . . . . . . . . . . . . . . 9

Removal Was Improper . . . . . . . . . . . . . . . . . . . . . . 12

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## HISTORY

This action was commenced by Garg and Bahnan on April 23, 2004 in the Worcester Superior Court, requesting Declaratory Judgment pursuant to M.G.L. c.231A, §1-3, that a mortgage from Bahnan to Gordon Koury ("Koury") securing a promissory note be discharged as the result of the favorable Decisions in **John Wilson v. Tony Bahnan** - Worcester Superior Court - Civil Action No. 94-2893A ("**Wilson I**")
and **John Wilson v. Tony Bahnan; John W. Spillane individually and d/b/a Law Offices of John W. Spillane** - Worcester Superior Court - Docket No. 00-1170A ("**Wilson II**") as affirmed by the Massachusetts Court of Appeals.

Eresian is in the "business" of acquiring dubious and tangential claims to real estate. These claims form the basis of litigation he initiates and then vexatiously pursues without regard to the merits, all for the purpose of extracting payment from innocent landowners. In this case, Eresian has used Wilson as a straw to acquire property now owned by Garg.

Bahnan purchased properties located at Mott Street and Penn Avenue, Worcester, MA (collectively referred to as the "Subject Premises") from Garg for $15,000, pursuant to a deed dated March 31, 1988 and recorded with the Worcester Registry of Deeds in Book 11247, Page 163. (Exhibit "A")[1]

---

[1] Garg and Bahnan purchased the Subject Premises from Gordon and Unise Koury on August 11, 1986 for $105,000. At the time of that purchase, they gave back a note and mortgage to Koury for $100,000. Thereafter, Bahnan took over the Subject Premises and Koury discharged the mortgage in the original principal amount of $100,000 and Bahnan issued Koury a promissory note and mortgage in the amount of $97,000.

Bahnan issued a Promissory Note to Gordon E. Koury a/k/a Gordon Koury and Unise A. Koury (collectively referred to as "Koury") in the principal amount of $97,000.00 dated March 31, 1988 (Exhibit "B"), which Promissory Note was secured by a mortgage dated March 31, 1988 and recorded with the Worcester Registry of Deeds in Book 11247, Page 166 (Exhibit "C").

Bahnan issued a Promissory Note to Garg in the principal amount of $15,000, dated March 31, 1988, which Promissory Note was secured by a mortgage dated March 13, 1988 and recorded with the Worcester Registry of Deeds in Book 11247, Page 169 (Exhibit "D")

On February 26, 1993, Koury and Bahnan executed a Loan Extension Agreement, extending the time for repayment of the loan to March 31, 1998. Said Loan Extension Agreement was recorded with the Worcester Registry of Deeds on March 5, 1993 in Book 14999, Page 96 (Exhibit "E").

Thereafter, on or about July 19, 1993, a fire occurred at 17 Mott Street, a portion of the Subject Premises, rendering that property uninhabitable.

On April 8, 1994, Bahnan made an additional payment of $3,000 to Koury on the $97,000 note and mortgage. See Affidavit of Tony B. Bahnan ¶8 (Exhibit "F")

On June 13, 1994, Continental Insurance Company, Bahnan's insurer, settled with Koury and paid him the sum of $50,000 as a partial payment on the said Promissory Note and Mortgage (Exhibit "B" and "C"). (See Exhibit "G")

Bahnan was unable to secure any further funds from Continental despite a claim which he made against Continental. Continental denied his claim based upon its allegation that lead paint existed in one of the apartments. Bahnan denied that claim and pursued the matter unsuccessfully in Court.

On or about October 21, 1994, Koury evidently needed money. Bahnan and he came to an oral agreement that Bahnan would pay him $12,500 in full payment of the Promissory Note ("Exhibit "B") and a Discharge of the Mortgage (Exhibit "C"). Bahnan paid Koury $1,000 toward the payment of this oral agreement (Exhibit "F", ¶9)

This agreement was also supplemented by an Agreement which Koury had with Garg. Koury had a $10,000 coin collection which he agreed to turn over to Garg upon the loan of $8,000. Upon payment of $10,00 by Koury to Garg, the coins would be returned to Garg. Garg also made it a condition that the balance of the Bahnan Note to Koury would be discounted to $12,500 per the oral agreement set forth herein.

Koury, unbeknownst to Bahnan and Garg made an Assignment of the Promissory Note and Mortgage to Wilson pursuant to an Assignment of Mortgage dated November 30, 1994 and recorded with the Worcester Registry of Deeds in Book 16798, Page 188 (Exhibit "H"). Wilson was the straw for Eresian who put up $3,000 and Lawrence Petricca ("Petricca") who put up $10,000. See Affidavit of Petricca (Exhibit "I").

## WILSON I - WORCESTER SUPERIOR COURT

Wilson, the straw, then attempted to collect on the Promissory Note (Exhibit "B") by filing a Complaint with the Worcester Superior Court, "**Wilson I**".

In **Wilson I**, Wilson filed a Motion for Summary Judgment and Bahnan filed an Opposition with supporting Affidavits of himself, Garg and Petricca. Both Garg and Petricca supported Bahnan's claim that Koury had agreed to discount the Promissory Note to $12,500, and also supported Bahnan's allegation that Wilson knew of the agreement between himself and Koury at the time Koury assigned the Promissory Note to Wilson.

On February 19, 1997, Associate Justice Toomey denied Wilson's Motion for Summary Judgment in **Wilson I**, finding that there were "Genuine issues of material fact existing as to Wilson's scienter" in alleging that full payment on the balance of the promissory note was due him from Bahnan.

After further pleadings and Petricca's Motion to Intervene, which was allowed by the Court in **Wilson I**, and numerous motions by Wilson to continue the trial of **Wilson I**, Justice James Donohue entered a Judgment of Dismissal with prejudice against Wilson. The Court also noted that Wilson's systematic dilatory prosecution of his case against Bahnan consisted an abuse of the system.

In dismissing **Wilson I** (Exhibit "J"), Justice Donohue astutely noted that in four years of litigation, Wilson had never personally appeared in front of the Court (Exhibit "K", p. 17). Justice Donohue further intimated that Wilson was acting as a mere straw for Eresian (Exhibit

"K", p.29). At the time of dismissal Eresian attempted to claim that he was also a principal in the case and that Wilson's attorney also represented him (Exhibit "K", p.21). Eresian attempted to prohibit Wilson's attorney from agreeing to dismissing the case despite Wilson's voluntary absence. The dismissal of **Wilson I** was never appealed.[2]

### WILSON II - WORCESTER SUPERIOR COURT

On June 14, 2000, Wilson filed the unverified Complaint at bar captioned, **John Wilson v. Tony Bahnan; John W. Spillane individually and d/b/a Law Offices of John W. Spillane** - Worcester Superior Court - Docket No. 00-1170A ("**Wilson II**"). **Wilson II**[3] was a second attempt by Eresian to use Wilson as a straw to collect upon the Promissory Note, which he was unsuccessful in doing in **Wilson I**.

In **Wilson II**, the Defendants filed a Motion to Dismiss which was heard and allowed by Justice James Donohue on January 22, 2001 (Exhibit "L"). Wilson appealed this case.

---

[2] In **Wilson I**, Wilson was represented by three different attorneys. Attorney David A. Tiberii initiated the action and filed a Notice of Withdrawal on May 24, 1995 and was ultimately released from the case on July 24, 1996, pursuant to the allowance of a Motion to Withdraw. Attorney Angelo Catanzaro then filed an Appearance, but withdrew on March 26, 1996, pursuant to the allowance of a Motion to Withdraw. Wilson was then represented by Attorney Ronald M. Stone, who sought to Withdraw from the case on May of 1999.

[3] Wilson was represented by Attorney Adrian A. Gaucher, Jr. in **Wilson II**.

After briefing the Appeals Court issued a Memorandum and Order pursuant to Rule 1:28 on May 6, 2003, affirming the Judgment of the Lower Court (Exhibit "M").

Bahnan was required to convey the subject premises to Garg on June 12, 2000 pursuant to a Deed in Lieu of Foreclosure recorded with the Worcester Registry of Deeds in Book 22808, Page 52 (Exhibit "N"). This resulted in the Discharge of the Bahnan note and mortgage to Garg in the amount of $15,000, as set forth in ¶7, herein.

Following the dismissals of **Wilson I** and **Wilson II**, and the transfer of the property to him, Garg attempted to mortgage the Subject Premises, but found that the $97,000 mortgage from Bahnan to Koury and the assignment from Koury to Wilson was still outstanding on the title to the Subject Premises.

Title counsel has advised Garg that the Koury mortgage could be discharged on the basis of **Wilson I** and **Wilson II** Decision in favor of Bahnan by a Complaint for Declaratory Judgment.

Eresian, acting through Wilson as the straw, and Attorney Adrian A. Gaucher, Jr. ("Gaucher"), who had pursued **Wilson II** as record counsel for the straw, Wilson, continued to pursue the collection of the note and mortgage, in a desperate attempt to thwart the results against them in **Wilson I** and **Wilson II**, thus presenting a case in controversy.

## WILSON FORECLOSURE ACTION
### (PRELUDE TO CURRENT SUPERIOR COURT CASE)

On September 3, 2003, Attorney Stephen M. Scialla ("Scialla"), a Rhode Island attorney, on behalf of Wilson, issued a Notice of Intention to Foreclose and of Deficiency After Foreclosure of Mortgage to Bahnan (Exhibit "O").

Scialla, on behalf of Wilson, on September 19, 2003, initiated a Complaint to Foreclose. See **John Wilson v. Shankar L. Garg** - Worcester Superior Court - Docket No. 03-1824B (Exhibit "P").

Counsel for Bahnan on September 24, 2003, issued a letter to Scialla placing him on notice of the Decisions in **Wilson I** and **Wilson II** and the fact that Bahnan was required to transfer the Subject Premises to Garg to satisfy a note and mortgage on the same property. Scialla was further placed on notoice that he would be held personally responsible if he proceeded with a foreclosure action in light of the Decisions in **Wilson I** and **Wilson II** (Exhibit "Q")

Thereafter, Gaucher entered the foreclosure action (**Wilson v. Garg** - Worcester Superior Court - Docket No. 03-1324D) and pursued the same on behalf of Wilson.

On March 11, 2004, counsel for Bahnan and Garg placed Gaucher on notice that any further action in connection with the foreclosure would be a violation of M.R.Civ.P. 11, insofar as he was well aware of the Decisions in **Wilson I** and **Wilson II**, insofar as he participated in **Wilson II**. Furthermore, he was placed on notice that Wilson was a straw and the Eresian was the principal and that the promissory note held by Eresian

and his straw, Wilson, was absolutely worthless as a result of the favorable Decisions for Bahnan pursuant to Wilson's attempt to collect on the note in **Wilson I** and **Wilson II** (Exhibit "R").

Gaucher was also warned in the March 11, 2004, communication that if he proceeded with the foreclosure case Bahnan and Garg would seek sanctions under M.R.Civ.P. Rule 11 (Exhibit "R"). Clearly, as further pursuance of the matter on behalf of the straw, Wilson, and Eresian, is cause for this Court to consider and assess sanctions under Rule 11.

Despite this communication, Gaucher pursued the foreclosure action and a Judgment was issued by the Court on March 24, 2004 (Exhibit "S")

### CURRENT CASE BEFORE THE WORCESTER SUPERIOR COURT

Garg and Bahnan filed a Verified Complaint for Injunctive Relief and Declaratory Judgment on April 23, 2004, together with an Ex-Parte Motion for Temporary Injunction and Declaratory Judgment.

After hearing, Justice David Locke allowed Garg and Bahnan's request for a Temporary Restraining Order, ordering that "Defendants are restrained and enjoined from taking any actions to foreclose by auction pending further order of the Court." (Exhibit "T")

After service, Eresian filed an Emergency Motion of Ara Eresian, Jr. to Reschedule Plaintiffs' Application for Preliminary Injunction and to Modify Temporary Restraining Order. Judge Francis Fecteau Ordered "The portion of this motion to reschedule the hearing on the preliminary injunction application is allowed on condition that the TRO entered by Locke, J. remain in full force and effect until said hearing now

scheduled for 5/6/04 at 2:00 p.m. the TRO is without modification." (Exhibit "U")

At the hearing on Garg and Bahnan's request for a Preliminary Injunction, held on May 6, 2004, Justice Peter W. Agnes, Jr. Ordered, "After hearing Preliminary Injunction to Issue pursuant to TRO on Prayer (b) of Complaint subject to payment of a $100 bond." (Exhibit "V") Garg and Bahnan paid the Bond, as ordered and the Preliminary Injunction issued on May 10, 2004. Justice Agnes ordered a conference on June 21, 2004 and directed the Plaintiffs to file their Motion for Summary Judgment and Declaratory Judgment declaring the mortgage invalid and discharged by June 11, 2004. During this time period, Plaintiffs' filed a Request for Default Pursuant to Mass.R.Civ.P. 55(a), and a Default was entered against Defendants, Wilson and Eresian on June 10, 2004 (Exhibit "W"), because they had failed to file responsive pleadings.

Garg and Bahnan filed their Motion for Summary Judgment Pursuant to Mass.R.Civ.P. Rule 56 on June 11, 2004. Wilson and Eresian filed their frivolous and vexatious Notice of Removal with the Federal District Court and the Worcester Superior Court on June 15, 2004.

Plaintiffs' filed an Opposition to Defendants' Notice of Removal with the Worcester Superior Court on June 16, 2004, citing 28 U.C.C. §1441(c) and 1446, the removal section in the Federal District Court, does not provide for any **EXPECTANCY** of some future action and for this and other specious reasons, and that the Notice of Removal should not be honored and that such Notice of Removal was an egregious attempt to delay a Summary Judgment hearing.

On June 21, 2004, Plaintiffs' argued their Motion for Summary Judgment before Justice Agnes. Wilson and Eresian did not appear for that hearing. Justice Agnes, at that hearing, indicated that he would consider the Motion for Summary Judgment and Declaratory Judgment insofar as Eresian's Notice of Removal was infirmed and of no force and effect (Transcript ordered today).

Counsel for Garg and Bahnan conferred with Judge Agnes' clerk concerning the Court's action on the Plaintiffs' Motion for Summary Judgment and Declaratory Judgment before the 30 days had expired to make a Motion to Remand this case back to the Worcester Superior Court. Upon best information and belief and based upon the hearing record, Judge Agnes was intending to retain the case with the Worcester Superior Court because the Notice of Removal was infirmed and no action had been commenced against Garg and Bahnan in the Federal District Court, nor had there been any responsive pleadings by way of counterclaim or other filing in the current Worcester Superior Court proceeding or in the Federal District Court.

Plaintiffs were required to file a Motion to Stay Default Order on July 13, 2004, which was allowed, nunc pro tunc to July 10, 2004 which stated "Plaintiffs shall comply with the default order or take other appropriate action within 10 days of the filing of the decision on their motion for declaratory judgment." (Exhibit "X")

On August 3, 2004, the Plaintiffs received Notice from the Court which stated "Until this case is remanded back to the state court, no

further action may be taken. See Order of the Court in *Hampton Properties, LLC et al v. Eresian, No. 89-01942.*" (Exhibit "Y"). For this Court's ready reference, a copy of Judge Saylor's Order of Remand in *Hampton Properties, LLC et al v. Eresian, No. 89-01942* is attached hereto (Exhibit "Z").

Accordingly the Plaintiffs now immediately seek to remand this case back to the Worcester Superior Court.

### REMOVAL WAS IMPROPER

The jurisdiction of the Federal District Court over removed state court actions is limited to those actions over which the Federal Court would have had jurisdiction if the case was originally filed there. See e.g. *BIW Deceived v. Local S6*, 132 F32d 824, 830 (1st Cir. 1997). As all of the parties to this action are residents of Massachusetts, the only possible basis for jurisdiction in this Court would be the existence of a Federal question. See e.g. *Pampillonia v. RJR Nabisco, Inc.*, 138 Fed. 459 (2nd Cir. 1998) (complete diversity required for diversity jurisdiction.)

The existence of a Federal question is determined by the Plaintiffs' Complaint, the Defendants' putative defenses are not considered. *Franchise Tax Board v. Construction Laborer's Trust for Southern California*, 463 U.S. 1, 103, S.Ct. 2840 (1983). See also *Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir. 1998) (. . . "the well pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four

corners of the plaintiff's complaint.") Further, "[i]n virtually every situation, federal jurisdiction is determined at the time suit is brought." *Id*, 140 F.3d at 18, citing *Freeport-McMoRan, Inc., v. K N Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858 (1991). Finally, the party asserting that the Federal Court has jurisdiction has the burden of proof on the issue of the propriety of removal jurisdiction. See e.g. *Mass. School of Law at Andover v. American Bar*, 142 F.3d 26,33 (1st Cir. 1998).

Plaintiffs, Garg and Bahnan oppose the Defendants, straw, John Wilson and Eresian's attempt to remove this case to the Federal District Court under 28 U.S.C. §1441 and §1446.

The Defendants have failed to articulate in ¶5 of the Notice of Removal, the specifics that are required in a Notice of Removal under the provisions of 28 U.S.C. ¶1441(c), where the Defendants state that:

> ". . .the Defendants **EXPECT** to bring a separate and independent claim or cause of action which (i) would be removable if sued upon alone, (ii) will be joined with the within action, and (iii) when so joined, the controversy shall exceed $75,000.00, exclusive of interest and costs."

Defendant Eresian told the Worcester Superior Court that he was going to file an Answer and Counterclaim. He failed to do so within the time prescribed by this Court, namely by Wednesday, June 2, 2004.

Defendants were defaulted on June 10, 2004, prior to the entry of the Notice of Removal on June 15, 2004 (Exhibit "W").

28 U.C.C. §1441(c) and 1446, the removal section in the Federal District Court, does not provide for any **EXPECTANCY** of some future action and for this and other specious reasons, this Notice of Removal should not be honored and the case remanded back to the Worcester Superior Court.

This infirmed Notice should not be allowed by this Court and again, it is an egregious attempt to delay a Summary Judgment decision by Justice Peter W. Agnes, Jr., pursuant to the hearing of the Plaintiff's Motion for Summary Judgment and Declaratory Judgment on Monday, June 21, 2004 at 2:00 p.m.

### CONCLUSION

WHEREFORE, the Plaintiffs' respectfully request this Honorable Court to (i) remand this case back to the Worcester Superior Court and (ii) sanction Attorney Adrian A. Gaucher, Jr., and Defendant, Era Eresian, Jr., pro se, pursuant to Rule 11 and/or 28 U.S.C. §1927, in an amount determined reasonable by the Court, (iii) enter an order forbidding the subsequent removal of this action from state court by any party and (iv) grant the Plaintiffs' such other and further relief as the Court deems just.

SHANKAR L. GARG AND TONY B. BAHNAN

By: _____
John W. Spillane, Their Attorney
Spillane & Spillane, LLP
23 Institute Road
Worcester, MA 01609
BBO #475420

Dated: August 11, 2004

### CERTIFICATE OF SERVICE

I, John W. Spillane, Attorney for the Plaintiffs, hereby certify that I have this day, served a copy of the foregoing pleading upon the Defendants, by mailing a copy of the same, postage prepaid to Ara Eresian, Jr., pro se of P.O. Box 499, Shrewsbury, MA 01545 and Adrian A. Gaucher, Jr., Esquire, Gaucher & Gaucher, 60 Hamilton Street, Southbridge, MA 01550-1808.

_____
John W. Spillane, Esquire

Dated: August 11, 2004