# SPILLANE & SPILLANE LLP
### ATTORNEYS AT LAW

23 INSTITUTE ROAD
WORCESTER, MASSACHUSETTS
01609

JOHN W. SPILLANE
JOHN J. SPILLANE
JOSEPH W. SPILLANE
MATTHEW T. SPILLANE

TELEPHONE (508) 756-4341
FACSIMILE (508) 752-2344
WWW.SPILLANELAW.COM

August 26, 2004


Maurice Lindsay, Deputy Clerk
U.S. Federal District Court
Western Division
Federal Building & Courthouse
1550 Main Street
Springfield, MA 01103


Re:   Garg and Bahnan v. Wilson and Eresian
      Docket No. 04-CV-30113-MAP

Dear Mr. Lindsay:

Thank you for taking my call the other day. It is my understanding that you have already docketed our Motion to Remand and it has been sent to Judge Michael A. Ponsor. As I indicated to you, I had ordered transcripts concerning the hearings before Associate Justice Peter W. Agnes, Jr., relative to his allowance of the Preliminary Injunction, the discussion concerning the briefing scheduling and the hearing on our Motion for Summary Judgment and Declaratory Judgment.

I wanted Judge Ponsor to have these transcripts available if he wishes to look at them and accordingly, I am enclosing them herewith.

Transcript #1 - May 6, 2004

The Temporary Restraining Order which I had requested was allowed ex-parte by Justice David Locke and then the hearing on the Preliminary Injunction, I believe, was going to be in front of Justice Francis Fecteau on May 6, 2004. It was switched to Judge Agnes on that day and Judge Agnes was busy with other matters and asked the parties to have the matter heard on May 7, 2004. The transcript dated May 6, 2004, consisting of 14 pages merely describes this dialog.

Transcript #2 - May 7, 2004

This transcript, consisting of 51 pages contains dialogue between myself and the judge in presenting our affirmative case for a Preliminary

August 26, 2004
Maurice Lindsay, Deputy Clerk
Page Two


Injunction. I would like to note on p.12, l.11-18, that the Court viewed **Wilson I** as a judgment on the merits and I believe it is the basis for his ruling that a Preliminary Injunction against the Wilson/Eresian foreclosure was allowed. It might be useful for the Court to look at the Judge's comments on p.12, l.19-24 and p.13, l.1-12.

I also discuss the need I had for the Judge to rule on the Declaratory Judgment that the Note and Mortgage no longer exist. That dialog is on p.14-23.

I would call the Court's attention to Judge Agnes' further statement on p.12, l.13-19 that the assignment of the Note and Mortgage from Mr. Koury to Wilson/Eresian was invalid on the basis of equitable principals. A further statement by the Court on this appears on p.24, l.1-11. The Court goes on to articulate issues concerning the subject Note and Mortgage at p.28, l.9-24 and p.29, l.1-10.

The Court finally concludes, at p.31, l.4-24 and p.32, l.1-6 that a Preliminary Injunction should issue and that equitable principals would apply to the agreement to discount the Note and accept cash by Mr. Koury.

On p.35, l.2-8, the Court further emphasizes that **Wilson I** was a final decision and that Eresian's claims that there were still issues to be litigated was not viable. On p.36, l.21-24 p.37, l.1-24 and p.38, l.1-1, the Judge finalizes his Preliminary Injunction Decision.

Judge Agnes addresses the further issue of a hearing on the Declaratory Judgment on p.38, l.16-24 and p.39, l.1-11.

On p.41, l.14-24 and p.42, l.1-3, Judge Agnes talks further about moving forward to the Declaratory Judgment stage. Judge Agnes at p.45, warns Eresian that the foreclosure sale is not to go forward.

At p.46, l.8-16 and l.23-24, Judge Agnes indicates that he would like to have both parties present to him remaining issues in the case and that he would be sitting through September. He asked to have the issues presented to him on May 24, 2004 at 2:00 p.m. (p.41, l.1-2).


Transcript #3 - May 24, 2004

This transcript, consisting of 16 pages contains the presentation of the issues that each party prepared and submitted to the Court. On May 24, 2004, an Answer had not been filed by Wilson or Eresian (p.10, l.16-24). The Court suggests that all issues, including the Motion for Summary and

August 26, 2004
Maurice Lindsay, Deputy Clerk
Page Three


Declaratory Judgment be considered on June 21, 2004 (p.11, 1.16-24, p.12, 1.1-3) (See also, p. 12, 1.17-23 concerning the issue of Declaratory Judgment.

The Court sets forth a briefing schedule on p.13, 1.17-23 and on p.14, 1.10-14), he requests Eresian to file his responsive pleading and answer by "Wednesday or Thursday of next week" which would have been June 2 or June 3, 2004. In fact, neither Wilson or Eresian filed an Answer. Garg and Bahnan filed a Request for Default which was granted.

On June 15, 2004, Wilson and Eresian filed a Notice of Removal Garg and Bahnan filed an objection to the Notice of Removal stating that it was infirmed and submitted a memorandum to that effect. Judge Agnes held the case for a period of time for the calling of Eresian, Wilson and Guacher, but they did not appear for the June 21, 2004 hearing. Judge Agnes agreed that the Notice of Removal was infirmed and that he would take the case under advisement.

The fourth transcript of that hearing has been ordered, but unfortunately the stenographer, Susan Gavin, went on vacation without completing the same. We have asked that it be produced on an expedited basis and we will forward that to you.

Thank you for receiving these transcripts and the outline of the significant portions that might assist Judge Ponser as he considers the Plaintiffs' request for remand.

Very truly yours,

John W. Spillane

JWS:lws
Enclosures

cc:  Adrian A. Gaucher, Jr., Esquire
     Mr. Ara Eresian, pro se
     Dr. Shankar L. Garg
     Mr. Tony B. Bahnan