LAW OFFICES
# GAUCHER & GAUCHER
60 Hamilton Street
Southbridge, Massachusetts 01550-1808

Adrian A. Gaucher
(1908-1990)

Telephone (508) 764-3259

Adrian A. Gaucher, Jr

September 7, 2004

Maurice Lindsay, Deputy Clerk
United States District Court – Western Division
Federal Building & Courthouse         **FEDERAL EXPRESS OVERNIGHT MAIL**
1550 Main Street
Springfield, MA  01103

Re:  Shankar L. Garg, et al v. John Wilson, et al;
     Case No. 04-CV-30113-MAP

**Suggestion of Bankruptcy**

   In re:  Lawrence N. Petricca, Sr.
           Chapter 7
           United States Bankruptcy Court for the District of New Hampshire
           Case No. 04-12987-MWV

Dear Mr. Lindsay:

   As the official docket record in the above referenced civil matter should indicate, the undersigned law office represents [defendant] John Wilson. For the record as set forth *infra*, this letter is being written to inform the Court of a bankruptcy filing which affects the jurisdiction of this Court to proceed any further with this matter pending further Order of the United States Bankruptcy Court for the District of New Hampshire.
   I have reviewed the factual background leading up to the filing which appears as follows: This office also represented Mr. Wilson in the Massachusetts State Court civil matter instituted by him styled John Wilson, Trustee of JW Nominee Trust v. Lawrence N. Petricca, Sr., et al; Worcester Superior Court C.A. No. 97-02504 A, (hereinafter "1997 action"). On or about January 18, 2002, Mr. Wilson, as Trustee of JW Nominee Trust recovered Judgment in the 1997 action against Lawrence N. Petricca, Sr. and others in the sum total of $ 892,038.75.
   Lawrence N. Petricca, Sr. was also a named party in the Massachusetts State Court civil matter also instituted by him styled John Wilson v. Toni Bahnan, a/k/a Tony Bahnan a/k/a Tony B. Bahnan, et al; Worcester Superior Court C.A. No. 94-02893 A, (hereinafter "1994 action"). In the 1994 action Mr. Petricca asserted several cross-

Maurice Lindsay, Deputy Clerk
United States District Court – Western Division


Re: Shankar L. Garg, et al v. John Wilson, et al;
    Case No. 04-CV-30113-MAP

**Suggestion of Bankruptcy**

In re: Lawrence N. Petricca, Sr.
       Chapter 7
       United States Bankruptcy Court for the District of New Hampshire
       Case No. 04-12987-MWV


September 7, 2004

Page 2 of 4


claims against Mr. Wilson, **individually**, in which he claimed, *inter-alia*, that he, and not Mr. Wilson was the principal in that certain commercial paper transaction with one Gordon E. Koury and that as a result he, and not Mr. Wilson was the [title] holder of that certain Mortgage Note and Mortgage Deed at issue, being that certain Mortgage Deed given by Mr. Bahnan to Mr. Koury and his wife, Unise A. Koury dated March 31, 1988 and recorded with the Worcester District Registry of Deeds in Book 11247, Page 166. **This is the same Mortgage Note and Mortgage Deed that is the subject matter of the within action**. I **was not** counsel of record in that action for Mr. Wilson.

As the official docket record in the 1994 action [also] indicates, on the day of trial of that action, Mr. Petricca and Attorney John W. Spillane, who was counsel of record in that action for Mr. Bahnan (and the same counsel of record for the named Plaintiffs in the within action), attempted to enter into a 'Stipulation of Dismissal' pursuant to R. 41(a)(ii) Mass. R. Civ. P., relative to all of the claims between Mr. Wilson, Mr. Bahnan and Mr. Petricca, which 'Stipulation' was filed with the Court. This 'Stipulation' formed the basis for the entry of a 'Judgment of Dismissal' by the Court of Mr. Petricca's claims against Mr. Wilson. **However, counsel for Mr. Wilson refused to sign the 'Stipulation'; therefore it would appear that pursuant to the aforesaid applicable rule the 'Stipulation' was an ineffective basis as a matter of law to support the entry of the 'Judgment of Dismissal' and thus [to] foreclose Mr. Petricca's claims against Mr. Wilson, thus leaving the time for appellate review of that entire case yet to toll**. *See*.R. 41(a)(ii) Mass. R. Civ. P..

Additionally, this Court is advised that the official records in the 1997 action indicate that on at least one occasion **subsequent** to the alleged closure of the 1994 action Mr. Petricca testified in a deposition upon oral examination taken by Attorney Michael M. Kaplan, then counsel of record for Mr. Wilson, to the effect that his claims against Mr. Wilson in the 1994 action had not been 'given up' by him.

Maurice Lindsay, Deputy Clerk
United States District Court – Western Division


Re:  Shankar L. Garg, et al v. John Wilson, et al;
     Case No. 04-CV-30113-MAP

**Suggestion of Bankruptcy**

In re:  Lawrence N. Petricca, Sr.
        Chapter 7
        United States Bankruptcy Court for the District of New Hampshire
        Case No. 04-12987-MWV


September 7, 2004

Page 3 of 4


      On August 23, 2004, Mr. Wilson, as a judgment creditor of Lawrence N. Petricca, Sr. filed an Involuntary Petition for Relief under Title 11 of sec. 303, *et seq.* of the United States [Bankruptcy] Code against Mr. Petricca, the standing for such filing being rooted in the aforesaid [money] judgment recovered against Mr. Petricca in the 1997 action. Upon such filing, *inter-alia*, all judicial actions against Mr. Petricca were automatically stayed by the statutory provisions of 11 U.S.C. sec. 362, *et seq.*. **The stay not only included the 1994 action but the within action as well since as indicated, *supra*, it appears that Mr. Petricca's claim of title to both the Mortgage Note and Mortgage Deed remain viable and unadjudicated as of the date of the filing of the [bankruptcy] petititon, and thus constitute 'assets' of Mr. Petricca's [bankruptcy] estate.**
      For the official record, I enclose a copy of the Petition for Relief filed by Mr. Wilson against Mr. Petricca.
      Given the foregoing, I trust that you will bring the existence of the aforesaid filing to the attention of Justice Ponsor, and that you will indicate on the official docket record that the within matter is stayed until further Order of the United States [Bankruptcy] Court for the District of New Hampshire.
      If there is anything further which you require from this law office in this regard, please do not hesitate to contact me.


Very truly yours,

Adrian A. Gaucher, Jr.

Maurice Lindsay, Deputy Clerk
United States District Court – Western Division


Re: Shankar L. Garg, et al v. John Wilson, et al;
Case No. 04-CV-30113-MAP

**Suggestion of Bankruptcy**

In re: Lawrence N. Petricca, Sr.
Chapter 7
United States Bankruptcy Court for the District of New Hampshire
Case No. 04-12987-MWV


September 7, 2004

Page 4 of 4


Aag/file

cc: John W. Spillane, Esq. w/enc.
Ara Eresian, Jr. w/enc.
Client w/enc.

enc.

# Form 5. Involuntary Petition

FORM B5
(12/03)

| United States Bankruptcy Court for the District of New Hampshire | INVOLUNTARY PETITION |
|---|---|

| IN RE (Name of debtor—If individual: Last, First, Middle) PETRICCA, Lawrence N., Sr. | ALL OTHER NAMES used by debtor in the last 6 years (Include married, maiden, and trade names.) Lawrence Petricca; Lawrence N. Petricca; Lawrence Petricca, Sr. ** |
|---|---|
| LAST FOUR DIGITS OF SOC. SEC. NO./Complete EIN or other TAX I.D. NO. (If more than one, state all.) 9800 | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code) 90 Binney Hill Road, New Ipswich, New Hampshire 03071 | MAILING ADDRESS OF DEBTOR (If different from street address) 614 Nashua Street - Box 132 Milford, NH 03055 |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS Hillsborough | |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)
Worcester County, Massachusetts

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

☑ Chapter 7    ☐ Chapter 11

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

Petitioners believe
☐ Debts are primarily consumer debts
☑ Debts are primarily business debts

TYPE OF DEBTOR
☑ Individual             ☐ Stockbroker
☐ Partnership            ☐ Commodity Broker
☐ Corporation            ☐ Railroad
☐ Other _____

BRIEFLY DESCRIBE NATURE OF BUSINESS

### VENUE

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District.

### FILING FEE (Check one box)

☑ Full Filing Fee attached

☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached.

### PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER (Not applicable) OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| | | |
| Relationship | District | Judge |
| | | |

### ALLEGATIONS
(Check applicable boxes)

1. ☑ Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303(b).
2. ☑ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3. a. ☑ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute;

or

b. ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

COURT USE ONLY

CLERK OF THE BANKRUPTCY COURT DISTRICT OF NH
AUG 23 A 11:30
FILED

If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**-This listing is not intended to be all inclusive but represents the best knowledge and information Petitioner has as of the date of filing.

Form 5 OFFICIAL FORMS

Form 5 Involuntary Petition
(12/03)

Name of Debtor PETRICCA, Lawrence N., Sr.
Case No. 04-12987-MWV
(court use only)

## TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

## REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X [signature]
Signature of Petitioner or Representative (State title)
John Wilson, Tr. of JW Nominee Trust   08/20/04
Name of Petitioner                         Date signed

Name & Mailing Address of Individual Signing in Representative Capacity:
John Wilson
196 West River Street,
Orange, MA 01364

X _____
Signature of Attorney          Date

Name of Attorney Firm (If any): _____
Address: _____
Telephone No.: _____

[Two additional blank petitioner/attorney signature blocks follow]

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| John Wilson, Tr. JW Nominee Trust 196 West River Street, Orange, MA 01364 | Money Judgment | $ 892,038.75*** |
| | | |
| | | |

***-exclusive of statutory post-judgment interest and costs.